### BROWN et al. v. WALTER.

(Supreme Court, Special Term, Erie County. December, 1913.)

ASSIGNMENTS (§ 94*)—ORDERS—CONSTRUCTION—EFFECT.

Z., being indebted to plaintiffs for lumber in the sum of $950, and having a contract to furnish mill work to defendant for the agreed price of $1,914, assigned to plaintiffs $950 to be paid out of such contract; the assignment providing that defendant "agrees to pay" plaintiffs or their representative $700 July 10th, balance, $250, August 1st, or sooner if possible, and being signed by Z. and accepted by defendant. *Held*, that such assignment did not import an absolute obligation on defendant's part to pay the amount specified to plaintiffs, independently of its becoming due under Z.'s contract; and hence, on Z.'s failure to furnish a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

balance of the materials, defendant was only liable to plaintiffs on the assignment for the amount due to Z.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 162–165; Dec. Dig. § 94.*]

Appeal from City Court of Buffalo.

Action by William P. Brown and others against William C. Walter. From a judgment of the Buffalo City Court in favor of plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Clifford Nichols, of Buffalo, for appellant.

Frank Gibbons, of Buffalo, for respondents.

WHEELER, J. This is an appeal from the City Court of Buffalo. The facts are not in dispute. The evidence shows that one George J. Zeis was indebted to the plaintiffs, for lumber purchased, in the sum of $950, and the plaintiffs were pressing payment. Zeis ran a planing mill, and had made a contract with the defendant Walter to sell and deliver to him a quantity of the products of his mill at an agreed price of $1,914. A portion of this material had been delivered to Walter, and a portion remained to be delivered. Zeis, being pressed by the plaintiffs for the amount owing, then called in Walter, and inquired if he had any objection to paying the plaintiffs what he might owe, instead of paying Zeis himself. Walter stated he had no objection, whereupon Zeis drew up and signed the following paper, to wit:

"Buffalo, June 27, 1912.

"I hereby transfer and assign to W. P. Brown & Sons Lumber Company of Louisville, Ky., or their authorized representative, nine hundred and fifty dollars ($950.00), to be paid out of my contract with Mr. William C. Walter amounting to one thousand nine hundred and fourteen dollars ($1,914.00). Said Mr. William C. Walter hereby agrees to pay W. P. Brown & Sons Lumber Co., or their representative, seven hundred dollars ($700.00) on or about July 10th, balance two hundred and fifty dollars ($250.00), to be paid by August 1st, or sooner if possible.        [Signed]   George J. Zeis."

The paper was then handed the defendant, who signed the following memorandum on the bottom of the paper:

"Accepted for payment this 27th day of June, 1912.
                                    "Wm. C. Walter."

This document thus executed was delivered to the representative of the plaintiffs. Zeis, however, defaulted on his contract with Walter, and never, in fact, delivered to Walter all the material which he had agreed to furnish under his contract with him, and referred to on the paper or assignment delivered to the plaintiffs. Walter, however, paid to the plaintiffs the amount of all moneys owing by him to Zeis for such of the materials as were actually furnished, amounting to $650. This left a balance of $300 unpaid on the indebtedness of Zeis to the plaintiffs. This action was begun in the City Court against Walter to recover this balance; the plaintiffs predicating their claim to recover upon the written agreement above set forth. The City Court of Buffalo rendered judgment against the defendant for this balance, with interest and costs, and, from the judgment so rendered, the defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeals to this court, claiming that his liability was limited to the amount of his indebtedness for the materials actually furnished by Zeis.

The sole question presented, therefore, is the proper construction and interpretation of the document above set forth. We are of the opinion the court below erred in rendering any judgment in favor of the plaintiffs, and that the plaintiffs' complaint should have been dismissed. We reach this conclusion for the following reasons: The assignment in question provides that the sum of $950 was "to be paid out of my contract with Mr. William C. Walter." That is, from the moneys due, or to be paid by reason of Zeis' fulfillment of his contract with Walter. It is true that later in the instrument it was provided that Walter was to pay "$700 on or about July 10th, balance two hundred and fifty dollars ($250.00) to be paid by August 1st, or sooner if possible."

It is, however, a cardinal rule of construction that force and effect is to be given to every part and provision of an agreement, for the purpose of ascertaining the intention of the parties to it. To ascertain the true meaning and intention, the entire instrument must be considered, and the writing construed as a whole. One clause cannot be wrested from the context and made the basis of a recovery, where a study of the entire agreement discloses that the clause relied on is limited and qualified by what precedes or follows it.

When we examine this agreement as a whole, it is perfectly manifest that the payments to be made to the plaintiffs were only to be made as the defendant became indebted to Zeis for material furnished by him pursuant to his contract with Walter (that is, "out of my contract with Mr. William C. Walter"), and, when Walter agreed to make such payments by July 10th and August 1st, respectively, it was conditioned upon Zeis fulfilling his contract for material with Walter. In other words, reading the whole contract with all its provisions together, Walter's contract to pay the plaintiffs was conditional and not absolute. Walter owed the plaintiffs nothing, but was willing to pay to them any sum for which he might become indebted to Zeis under his contract, for the purpose of discharging Zeis' indebtedness to the plaintiffs. That was the sum of his engagement with the plaintiffs, and that was all Zeis did or could assign to the plaintiffs. Suppose that at the time this agreement was signed Zeis had in fact delivered no materials whatever to Walter, and had subsequently delivered none. What consideration was there in such a case to support any promise on the part of Walter to pay the plaintiffs? None whatever. The plaintiffs parted with nothing to Walter, and we cannot discover how the plaintiffs, in such a case, could recover against Walter. Instead of the case supposed, Zeis in fact delivered a part, and a part only, of the consideration which supported Walter's promise to pay. Just to the extent he failed to deliver, there was a failure of consideration as to the balance.

It is true that Lee, the representative of the plaintiffs, testified that the plaintiffs did subsequently cancel their demand against Zeis. How that was done does not appear. It is, however, a sufficient answer to any claim which can be made by reason of such a cancellation, if made, that it does not appear that Walter was in any way a party to it, or had

any knowledge of it, or in any way assented to it. It was purely a voluntary act on the part of the plaintiffs, and Walter cannot be bound by the consequences of any such cancellation. The agreement provided for no such discharge of Zeis from liability to the plaintiffs for the indebtedness owing by him. We conclude, therefore, that the plaintiffs were not entitled to recover.

The judgment appealed from must therefore be reversed, and the plaintiffs' complaint dismissed, with costs. So ordered.